USCA1 Opinion

 

 March 30, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1927 No. 91-1928 RICHARD A. STREET, Plaintiff, Appellant, v. PAUL RAKIEY, ET AL., Defendants, Appellees. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Selya and Cyr, Circuit Judges. ______________ ____________________ Richard A. Street on brief pro se. _________________ Nancy Ankers White, Special Assistant Attorney General, and ____________________ Catherine A. Arnold, Counsel, Department of Correction, on brief for ___________________ appellees. ____________________ ____________________ Per Curiam. Plaintiff Richard Street, an inmate at MCI- __________ Cedar Junction in Massachusetts, was charged in 1990 with two disciplinary offenses. After conducting separate hearings, prison officials in each instance found plaintiff guilty and imposed a sanction of isolation time. Plaintiff thereafter filed these pro se actions under 42 U.S.C. 1983, alleging that the two disciplinary hearings suffered from assorted due process violations. He requested relief in the form of damages and the removal of the offenses from his record. Named as defendants were the prison superintendent and other correctional officials. In both cases, over plaintiff's opposition, the district court granted defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6). Plaintiff now appeals. I. Plaintiff advances the following factual allegations.1 Appeal No. 92-1927 involves an incident on June 18, 1990 in which plaintiff is alleged to have destroyed a light fixture. William Cabino, the reporting staff person, prepared a disciplinary report stating as follows: (1) at 6:55 a.m., Cabino was directed to remove plaintiff from a security cell ____________________ 1. The factual allegations are drawn from plaintiff's verified complaints and the exhibits attached thereto (which consist of the records of the disciplinary hearings). Such exhibits are considered part of the complaint, see Fed. R. ___ Civ. P. 10(c), and may properly be reviewed when evaluating a motion to dismiss under Rule 12(b)(6). See, e.g., Hamilton ___ ____ ________ v. O'Leary, 976 F.2d 341, 343 (7th Cir. 1992); O'Brien v. _______ _______ DiGrazia, 544 F.2d 543, 545 n.1 (1st Cir. 1976), cert. ________ _____ denied, 431 U.S. 914 (1977). ______ "due to his disruptive behavior"; (2) upon entering the cell, he noticed that a lighting fixture had been broken; and (3) a subsequent search uncovered a five-inch piece of metal located under a mattress and a "large piece of glass" located under the toilet, both of which "apparently came from the lighting fixture." Plaintiff was charged with four code offenses under 103 C.M.R. 430.24 (1987), including possession of a weapon and willful destruction of state property. At the disciplinary hearing, which was held on June 28, 1990, plaintiff pled not guilty by reason of insanity. In his complaint, he alleges that he submitted a written request for two witnesses--Cabino and Dr. Navaras, a prison psychiatrist--but that a correctional official (Lt. Ayala) tore up the witness form in plaintiff's presence. The record of the hearing contains a partial reference to this matter, explaining the denial of plaintiff's request for witness(es) as follows: Request for witness Dr. Navaras denied in accordance with CMR 430.11(4).[2] Failed to submit witness form. Inmate Street claimed Lt. Ayala tore it up. Lt. Ayala states he never tore it up. ____________________ 2. Under 103 C.M.R. 430.11(1), an inmate is to be served with a "request for witness form" within twenty-four hours of the designation of the offense as a major matter. Section 430.11(4) in turn provides that an inmate's "failure to submit a request for ... witness form may, in the discretion of the disciplinary board chairperson, constitute a waiver of the inmate's rights to call witnesses." -3- The record also contains a notation that plaintiff did not request Cabino's presence. Admitted into evidence were Cabino's disciplinary report and the pieces of metal and glass recovered from the cell. Based on such evidence, the disciplinary board found plaintiff guilty of both possessing a weapon and destroying property. He was given a sanction of fifteen days in isolation on each charge, for a total of thirty days. Plaintiff appealed the matter to the superintendent, claiming that his so-called "disruptive behavior" had in fact been a suicide attempt, that he suffered from "severe mental illness," and that he should be transferred to a hospital. Plaintiff alleges that his appeal was denied without explanation. Appeal No. 92-1928 involves an unrelated incident which allegedly occurred one day later. A disciplinary report prepared by staff person John Lopes stated: "On 6/19/90 ..., this officer did see Inmate R.A. Street run from the Mental Health office to the Hospital ward grill and spit on Inmate John Debella ...." Plaintiff was subsequently charged with disruptive conduct and "assaulting ... another person with any offense against his person." 103 C.M.R. 430.24(18). At a disciplinary hearing held on July 5, 1990, plaintiff again pled not guilty by reason of insanity, adding (according to the hearing record) that he had been at the health unit to see a psychiatrist due to an episode of mental -4- illness, and that he did not recall the incident. In his complaint, plaintiff alleges that he requested two witnesses- -Lopes and Dr. Navaras. The hearing record indicates that Lopes' presence was initially requested but was later waived by plaintiff (an assertion plaintiff denies in his complaint). The disciplinary board denied the request to call Dr. Navaras on the ground that "witness was not present at the incident." Based on Lopes' written report, the disciplinary board found plaintiff guilty and imposed a sanction of fifteen days isolation. On appeal to the superintendent, plaintiff argued that he had had a "psychotic episode ... I was hallucinating and thought [Debella] was a devil about to attack me, so I spat on him to break his evil spell." This appeal, according to the complaint, was also denied without explanation. II. In his pair of complaints, plaintiff advanced nearly identical challenges to these two disciplinary proceedings. He argued that the following due process violations occurred in each instance: (1) inadequate notice of the charges was provided; (2) he was denied the right to call and cross- examine witnesses; (3) the conviction was not based on substantial evidence; (4) the board failed to reach a finding after the close of the evidence; and (5) no reasons were provided for the denial of his appeal. He charged that -5- imposing multiple sanctions for a single act of misconduct violated double jeopardy. He argued that the board contravened "common law" by (1) basing its findings on unsupported written testimony and (2) failing to explain its credibility findings. And he contended that each incident was attributable to the negligent supervision of defendants-- conduct which in No. 92-1927, at least, amounted to cruel and unusual punishment. The district court found that none of these allegations presented a federal claim cognizable under 42 U.S.C. 1983. Appellate review of a dismissal under Rule 12(b)(6) is plenary. See, e.g., Miranda v. Ponce Federal Bank, 948 F.2d ___ ____ _______ __________________ 41, 44 (1st Cir. 1991). We must accept all well-pled factual allegations as true and draw all reasonable inferences therefrom in plaintiff's favor. See, e.g., Leatherman v. ___ ____ __________ Tarrant County Narcotics, Etc. Unit, 61 U.S.L.W. 4205, 4206- ____________________________________ 07 (U.S. March 3, 1993); Roth v. United States, 952 F.2d 611, ____ _____________ 613 (1st Cir. 1991); Dartmouth Review v. Dartmouth College, ________________ _________________ 889 F.2d 13, 16 (1st Cir. 1989). In addition, a pro se complaint is held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed if "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520 (1972) (per ______ ______ curiam) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 ______ ______ -6- (1957)); accord, e.g., Estelle v. Gamble, 429 U.S. 97, 106 ______ ____ _______ ______ (1976). Our task is to determine not whether the disciplinary hearings comported in every detail with the state regulations, but whether they were consistent with the "minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment." Ponte v. Real, 471 U.S. 491, 495 _____ ____ (1985).3 "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. _____ McDonnell, 418 U.S. 539, 556 (1974). As outlined by the _________ Court in Wolff, the applicable constitutional safeguards _____ include the following: providing "written notice of the charges" to the inmate at least 24 hours before the hearing, id. at 564; allowing the inmate "to call witnesses and ___ present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals," id. at 566; and, should a ___ finding of guilt be reached, providing "a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action," id. at 564 (quotation omitted); ___ accord, e.g., Superintendent, Massachusetts Correctional ______ ____ ____________________________________________ ____________________ 3. It is clear that the loss of liberty entailed in isolation time suffices to trigger constitutional safeguards. See, e.g., Wolff v. McDonnell, 418 U.S. 539, 571 n.19 (1974); ___ ____ _____ _________ Smith v. Mass. Dep't of Correction, 936 F.2d 1390, 1399 (1st _____ _________________________ Cir. 1991). -7- Institution v. Hill, 472 U.S. 445, 454 (1985); Smith v. ___________ ____ _____ Massachusetts Dep't of Correction, 936 F.2d 1390, 1398 (1st __________________________________ Cir. 1991). III. Few of plaintiff's claims require extended comment. His contention that he received inadequate notice of the charges is entirely conclusory. The hearing records indicate (and plaintiff does not dispute) that he was afforded at least 24 hours advance notice. In particular, he does not dispute that he received copies of the disciplinary reports in advance, in which the charges were adequately described. Plaintiff likewise presents no cognizable claim in contending that defendants violated double jeopardy by imposing multiple punishments for a single act of misconduct. As we said in rejecting an analogous double jeopardy contention in Langton _______ v. Berman, 667 F.2d 231 (1st Cir. 1981), this argument ______ "fail[s] to appreciate the essential differences between a disciplinary hearing and a criminal trial." Id. at 234; ___ accord, e.g., United States v. Rising, 867 F.2d 1255, 1259 ______ ____ ______________ ______ (10th Cir. 1989); see generally Breed v. Jones, 421 U.S. 519, _____________ _____ _____ 528 (1975) ("jeopardy describes the risk that is traditionally associated with a criminal prosecution"). Plaintiff's challenge to the sufficiency of the evidence is clearly meritless. It is plain that the board's findings were supported by "some evidence in the record"--the standard -8- of evidentiary sufficiency mandated by the Due Process Clause. Hill, 472 U.S. at 454. Nor has he stated a claim ____ with respect to (1) the board's consideration of the evidence or (2) its description of the evidence on which it relied. The Wolff Court held that "confrontation and cross- _____ examination" are not "generally required" in this context. 418 U.S. at 568. Consequently, the board's reliance on the written disciplinary reports was proper, particularly since each report contained an eyewitness account. In explaining its findings, the board indicated that it relied on "the eyewitness testimony as recorded in the officer's report" in each case and, in No. 92-1927, on the physical evidence as well. Such summary explanations have been deemed sufficient in other cases (depending on the facts presented). See, ___ e.g., Forbes v. Trigg, 976 F.2d 308, 318-19 (7th Cir. 1992), ____ ______ _____ cert. denied, 61 U.S.L.W. 3456 (Feb. 22, 1993). They were _____________ clearly adequate under the circumstances here. The evidence at the hearings was straightforward. And rather than attempting to controvert the central factual allegations underlying the charges, plaintiff sought to defend himself by citing the collateral issue of his mental status.4 For the ____________________ 4. Plaintiff's challenge to the superintendent's alleged failure to explain his reasons for denying the appeals similarly falters. No such obligation is imposed by the state regulations. See 103 C.M.R. 430.18. And we find no ___ such obligation as a constitutional matter, given that the board adequately explained its findings. -9- same reason, no issue of credibility was presented as to whether plaintiff actually committed the acts with which he was charged. The issue of plaintiff's requests to call Dr. Navaras as a witness deserves closer scrutiny.5 As mentioned, the Court in Wolff held that an inmate "should be allowed to call _____ witnesses ... in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." 418 U.S. at 566. In Ponte, the Court _____ clarified that prison officials have the burden of justifying the denial of a witness request by tendering an explanation, either during the administrative hearing or in connection with subsequent litigation. 471 U.S. at 497-99; accord, ______ e.g., Smith, 936 F.2d at 1399-1400. This rule is intended to ____ _____ guard against arbitrary action by requiring prison officials "to explain, in a limited manner, the reason why witnesses were not allowed to testify." Ponte, 471 U.S. at 497. _____ Reasonable explanations include not only interests of prison safety and discipline, but also legitimate administrative concerns. See, e.g., Wolff, 418 U.S. at 566 ("Prison ___ ____ _____ ____________________ 5. By contrast, no colorable claim is presented regarding plaintiff's alleged requests to call the authors of the disciplinary reports as witnesses. Even if we assume (contrary to the notations in the hearing records) that such requests were made, prison officials are not required "to provide reasons in writing to inmates denied the privilege to ... confront witnesses against them in disciplinary proceedings." Baxter v. Palmigiano, 425 U.S. 308, 322 ______ __________ (1976); accord Wolff, 418 U.S. at 567-69. ______ _____ -10- officials must have the necessary discretion to keep the hearing within reasonable limits ...."); Ramer v. Kerby, 936 _____ _____ F.2d 1102, 1104 (10th Cir. 1991) ("legitimate penological concerns includ[e], but [are] not limited to, safety or correctional goals, expense, staffing requirements ..., and the danger of harassment"). And in general, courts "should not be too ready to exercise oversight and put aside the judgment of prison administrators" in this regard. Wolff, _____ 418 U.S. at 566. We agree with the lower court that plaintiff has failed to state a viable claim under these standards. In the assault case, the board denied the request to have Dr. Navaras testify on the ground that he "was not present at the incident." We cannot say that this rationale was unreasonable. Cf. Powell v. Coughlin, 953 F.2d 744, 751 (2d ___ ______ ________ Cir. 1991) (board's refusal to allow psychiatrist to testify was proper since he "was not an observer of disputed factual issues concerning the underlying incident"; receipt of his notes in lieu of his testimony "was harmless error, if error at all"). To be sure, Dr. Navaras (apparently plaintiff's treating psychiatrist) likely would have been able to provide background information as to plaintiff's mental health, perhaps even as to his susceptibility to "psychotic episodes." Yet under the rather unusual circumstances presented (with an inmate personally proclaiming that he had -11- been "insane" two weeks earlier), any such testimony would have been of marginal relevance, and would obviously have expanded the scope of the hearing in a manner the board might reasonably have wished to avoid. In the property-destruction case, the board did not permit Dr. Navaras to testify because, according to the record, plaintiff had failed to submit the required witness- request form. Such a rationale constitutes an adequate justification. See, e.g., Hamilton v. O'Leary, 976 F.2d 341, ___ ____ ________ _______ 346-47 (7th Cir. 1992); Smith, 936 F.2d at 1400 ("denial of a _____ request to call a witness on the ground that the request is untimely is well within the disciplinary board's discretion"). As mentioned, plaintiff disputes this conclusion, alleging that he did submit the form but that Lt. Ayala tore it up. The administrative record indicates that the board, after hearing these differing explanations from plaintiff and Ayala, chose to believe the latter. Arguably, this credibility determination, although involving a collateral issue, is one subject to scrutiny only under Hill's "some evidence" standard--a test which "does not ____ require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." 472 U.S. at 455. We need not resolve that issue, however, since plaintiff's allegation, even if true, would involve at most harmless error. See, e.g., Elkin v. ___ ____ _____ -12- Fauver, 969 F.2d 48, 53 (3d Cir.) (applying harmless error ______ analysis to disciplinary proceedings), cert. denied, 113 S. ____________ Ct. 473 (1992); Powell, 953 F.2d at 750-52 (same). For the ______ reasons discussed above, Dr. Navaras' testimony in the property-destruction case would again have been of negligible relevance. Indeed, the fact that plaintiff hid the two "weapons" in the cell--conduct quite at odds with any suggestion of "insanity"--suggests that psychiatric testimony would have been even less relevant here. For these reasons, we conclude that plaintiff's complaints were properly dismissed under Rule 12(b)(6).6 Affirmed. _________ ____________________ 6. As we read the complaints, plaintiff's "negligent- supervision" allegations comprise part of his challenge to the disciplinary proceedings, rather than being intended as independent claims for relief. To the extent they were so intended, we find no suggestion that defendants acted in such a "wanton" fashion as to have violated the Eighth Amendment. Wilson v. Seiter, 111 S. Ct. 2321, 2326 (1991). ______ ______ -13-